**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **SHARON KOUTROUPIS,** | § | |
| **Individually and on behalf of all others** | § | |
| **similarly situated** | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. _____ |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **R&R MATTRESS INVESTMENTS, LLC** | § | |
| **d/b/a MATTRESS DEPOT, R&B MATTRESS** | § | |
| **STORES PARTNERSHIP LLC, R M DEPOT,** | § | |
| **INC., RTL MATTRESS INVESTMENTS, LLC** | § | |
| **d/b/a MATTRESS DEPOT, and KM** | § | |
| **FURNITURE DEPOT INVESTMENTS, LLC** | § | |
| **d/b/a FURNITURE DEPOT** | § | |
| | § | **COLLECTIVE ACTION** |
| *Defendant* | § | **PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Sharon Koutroupis, individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members"), brings suit against R&R Mattress Investments, LLC d/b/a Mattress Depot, R&B Mattress Stores Partnership LLC, R M Depot, Inc., RTL Mattress Investments, LLC d/b/a Mattress Depot (collectively "Defendants") to recover compensation, liquidated damages, attorneys' fees and costs under Section 207 and 216(b) of the Fair Labor Standards Act (hereinafter "FLSA").

**I.**
**OVERVIEW**

1.      This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, to recover overtime wages.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants since December 5, 2014 through the final disposition of this matter, and were

paid a weekly salary, but did not receive overtime for all hours worked over forty (40) in each workweek.

3.      Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors.

4.      Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5.      The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6.      Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7.      Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members sold mattresses.

8.      Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

## II.
## THE PARTIES

10. Plaintiff Sharon Koutroupis worked for Defendants within the meaning of the FLSA within this judicial district and within the relevant three-year period. Plaintiff Koutroupis did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

11. The Putative Class Members include those current and former Managers who worked for Defendants at any time since December 5, 2014 and have been subjected to the same illegal pay system under which Plaintiff Koutroupis worked and was paid.

12. R&R Mattress Investments, LLC is a Texas Limited Liability Corporation, and may be served through its registered agent for service of process: **Robert Moreno, 6802 Boardwalk Avenue, Corpus Christi, Texas 78414**.

13. R&B Mattress Stores Partnership LLC is a Texas Limited Liability Company, and may be served through its registered agent for service of process: **Robert Moreno, 3822 S. Padre Island Drive, Corpus Christi, Texas 78415-2921**.

14. R M Depot, Inc, is a Texas For-Profit Corporation, and may be served through its registered agent for service of process: **Robert Moreno, 3518 Crestside, Corpus Christi, Texas 78415**.

15. RTL Mattress Investments, LLC is a Texas Limited Liability Company, and may be served through its registered agent for service of process: **Robert Moreno, 6802 Boardwalk Avenue, Corpus Christi, Texas 78414**.

16. KM Furniture Depot Investments, LLC is a Texas Limited Liability Company, and may be served through its registered agent for service of process: **Robert Moreno, 6602 N. Navarro, Victoria, Texas 77904.**

---

[2] The written consent of Sharon Koutroupis is attached hereto as Exhibit "A."

17.      Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

18.      This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

19.      This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District.

20.      Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21.      Specifically, Defendants are headquartered in Corpus Christi, Texas, which is located in this District and Division.

22.      Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

23.      Defendants are retailers who sell mattresses and home furniture throughout South Texas.[3]

24.      To provide their services, Defendants employed numerous workers—including the individuals that make up the putative or potential class. While exact job titles may differ, these

---

[3] http://www.mattressfurnituredepot.com/en/contactus.

employees were subjected to the same or similar illegal pay practices for similar work in the retail industry.

25.     Plaintiff Koutroupis worked for Defendants as a Manager, Store Manager, and Contract Laborer from approximately January 2017 through August 2017.

26.     Defendants paid Plaintiff and the Putative Class Members a weekly salary plus commissions but no overtime.

27.     Specifically, Plaintiff Koutroupis was paid $400.00 per week plus a 7% commission on her sales, but she did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

28.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2

29.     Defendants directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

30.     Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation

31.     Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

32.     Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

33.     Defendants shared the services of Plaintiff and Putative Class Members.

34.     Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

35.     Specifically, Defendants dictated the routine and goals that needed to be done in order to meet the goals of the respective Defendants or their customers.

36.     Moreover, all Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

37.     As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

38.     Plaintiff and the Putative Class Members' primary job duties included selling mattresses in the stores, cleaning the stores, and filling out daily reports on their store's sales.

39.     Upon information and belief, Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Defendants.

40.     Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans and procedures created by Defendants.

41.     Each day's job function was pre-determined by Defendants including the schedule of work, which store Plaintiff and the Putative Class Members would work at that day, what the Plaintiff and the Putative Class Members would do at the store that day, and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters that were memorialized in their instructions book.

42.     Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

43.     Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

44.     Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

45.     Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Defendants.

46.     Defendants determined the hours Plaintiff and the Putative Class Members worked.

47.     Defendants set Plaintiff and the Putative Class Members' pay and controlled the number of days (and hours) they worked.

48.     Defendants set all employment-related policies applicable to Plaintiff and the Putative Class Members.

49.     Defendants maintained control over pricing and marketing.

50.     Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

51.     Defendants made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members a weekly salary plus commission but with no overtime pay.

52.     Plaintiff and the Putative Class Members did not employ their own workers.

53.     Plaintiff and the Putative Class Members worked continuously for Defendants on a permanent full-time basis.

54.     Defendants required Plaintiff and Putative Class Members to attend weekly taining sessions.

55.     Defendants, instead of Plaintiff and the Putative Class Members, made the large capital investments in buildings, tools and merchandise. Moreover, Defendants paid operating expenses like rent, payroll, marketing, insurance, and bills.

56.     Plaintiff and the Putative Class Members relied on Defendants for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants and Defendants' customers.

57.     Defendants paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of days they were allowed to work, which was controlled by Defendants, and the number of sales they made.

58.     Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Defendants for their work.

59.     Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

60.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

61.     Defendants denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

62.     Defendants applied this pay practice despite clear and controlling law that states that the routine duties which were performed by Plaintiff and the Putative Class Members consisted of ***non-exempt*** work.

63.     Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA.

**V.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

64.     All previous paragraphs are incorporated as though fully set forth herein.

65.     The FLSA Collective is defined as:

**ALL MANAGERS, STORE MANAGERS, AND CONTRACT LABORERS WHO WORKED FOR R&R MATTRESS INVESTMENTS, LLC. D/B/A MATTRESS DEPOT, R&B MATTRESS STORES PARTNERSHIP LLC, R M DEPOT INC., RTL MATTRESS INVESTMENTS, LLC D/B/A MATTRESS DEPOT, AND/OR KM FURNITURE DEPOT INVESTMENTS, LLC D/B/A FURNTIURE DEPOT, AT ANY TIME FROM DECEMBER 5, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A WEEKLY SALARY BUT DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

66.     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

67.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

68.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

69.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

70.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

71.     Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Defendants and were engaged in retail services that were directly essential to the sale of goods by Defendants. 29 U.S.C. § 203(j).

72.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

73.     In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

74.     The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 65.

75.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

76.     All previous paragraphs are incorporated as though fully set forth herein.

77.     Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

78.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

79.     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

80.     Defendants knew or should have known their pay practices were in violation of the FLSA.

81.     Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

82.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay overtime in accordance with the law.

83.     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

84.     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     FLSA COLLECTIVE ACTION ALLEGATIONS

85.     All previous paragraphs are incorporated as though fully set forth herein.

86.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

87.     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

88.     The FLSA Collective Members are defined in Paragraph 65.

89.     Defendants' failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

90.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

91.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

92.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

93.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are retail sales people entitled to overtime after forty (40) hours in a week.

94.     Defendants employed a substantial number of similarly situated workers since December 5, 2014. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the State of Texas. Because these workers do not have fixed work locations, they may work in different locations in the course of a given year.

95.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

96.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

97.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 65 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Defendants as follows:

a.      For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 65 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.      For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

d.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants jointly liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the

suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

e.      For an Order awarding the costs and expenses of this action;

f.      For an Order awarding attorneys' fees;

g.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h.      For an Order awarding Plaintiff a service award as permitted by law;

i.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense;

j.      For an Order providing for injunctive relief prohibiting Defendant from engaging in future violations of the FLSA, and requiring Defendants to comply with such laws going forward; and

k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: December 7, 2017                    Respectfully submitted,

By:     /s/ *Clif Alexander*
        **Clif Alexander**
        Federal I.D. No. 1138436
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson**
        Federal I.D. No. 777114
        Texas Bar No. 24045189
        austin@a2xlaw.com
        **Lauren E. Braddy**
        Federal I.D. No. 1122168
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **Carter T. Hastings**
        Federal I.D. No. 3101064
        Texas Bar No. 24101879
        carter@a2xlaw.com
        **ANDERSON2X, PLLC**
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        **Attorneys in Charge for Plaintiff and Putative Class Members**